**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **KHYREE JOY**, individually and on behalf of others similarly situated, | ) | Case No. 2:26-cv-00407 |
| Plaintiff, | ) | JUDGE: MICHAEL H. WATSON |
| vs. | ) | MAGISTRATE JUDGE: CHELSEA M. VASCURA |
| **DAILY SERVICES, LLC, d/b/a SURGE,** | ) | **AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT** |
| —and— | ) | |
| **SURGE STAFFING, LLC,** | ) | **JURY DEMAND ENDORSED HEREON** |
| Defendants. | ) | |

Named Plaintiff Khyree Joy ("Named Plaintiff"), individually and on behalf of others similarly situated, for this collective and class action Amended Complaint against Defendants Daily Services, LLC, d/b/a Surge ("Defendant Daily Services") and Surge Staffing, LLC ("Defendant Surge Staffing") (collectively, "Defendants"), states and alleges as follows:

## INTRODUCTION

1. This case challenges certain policies and practices of Defendants that violate the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), O.R.C. Chapter 4111, and Ohio's Prompt Pay Act, O.R.C. § 4113.15 ("OPPA"), for failure to pay employees for all compensable work, including unpaid overtime.

2. The purpose of this Amended Complaint is to substitute Khyree Joy in place of Samantha Steed as Named Plaintiff in this lawsuit.

3. Named Plaintiff brings this case as a collective action individually and on behalf of other similarly situated persons who may join this case pursuant to 29 U.S.C. § 216(b).

4. Named Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 to remedy violations of the OMFWSA and OPPA individually and on behalf of other similarly situated persons employed by Defendants in Ohio.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over Named Plaintiff's claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

6. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because Defendants are domiciled in this District and Division and because a substantial part of the events and omissions giving rise to the claims at issue in this case occurred in this District and Division.

7. This Court has supplemental jurisdiction over the asserted state law claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

## PARTIES

### A. Named Plaintiff

8. Named Plaintiff Khyree Joy is an adult individual residing in Canton, Ohio. Named Plaintiff's written Consent to Join this Action was previously filed.

9. Named Plaintiff was employed by Defendants, individually or jointly, from approximately October 10, 2022 through November 26, 2024, as an hourly, non-exempt employee. Specifically, Named Plaintiff was employed by Defendants first as an hourly Staffing Specialist, and then as an hourly Talent Advisor at Defendants' location in Canton, Ohio.

10. At all relevant times, Named Plaintiff and other similarly situated employees were "employees" within the meaning of the FLSA and Ohio law.

11. At all relevant times, Named Plaintiff and those similarly situated employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

**B. Defendants**

12. Defendant Daily Services, LLC, d/b/a Surge, is an Ohio for-profit limited liability company with its headquarters at 4 Easton Oval, Columbus, Ohio 43219. Defendant Daily Services can be served through its Ohio registered statutory agent: Corporation Service Company, 1160 Dublin Road, Suite 400, Columbus, OH 43215.

13. Defendant Surge Staffing, LLC, is an Alabama for-profit limited liability company with its headquarters at 4 Easton Oval, Columbus, Ohio 43219. Defendant Surge Staffing can be served through its Ohio registered statutory agent: Corporation Service Company, 1160 Dublin Road, Suite 400, Columbus, OH 43215.

14. At all relevant times, Defendants, individually and jointly, constituted a single integrated enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

15. At all relevant times, Defendants, individually and jointly, constituted employers within the meaning of the FLSA, 29 U.S.C. § 203(d).

16. Defendants, individually and jointly, are engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1), in that they, individually and jointly, have employees engaged in commerce or in the production of goods for commerce.

17. Defendants, individually and jointly, have an annual gross volume of sales made or business done of not less than $500,000.00.

## FACTUAL ALLEGATIONS

### A. Defendants have been individual and joint employers of Named Plaintiff and those similarly situated.

18. Defendants are jointly and severally liable for the overtime violations alleged herein as joint employers of Named Plaintiff and those similarly situated.

19. At all relevant times, Defendants were, individually and jointly, employers of Named Plaintiff and other similarly situated employees within the meaning of the FLSA and Ohio law.

20. Defendants own and operate facilities throughout the United States that assist clients with staffing and workforce management needs.[1]

21. Defendants jointly employ and/or employed Named Plaintiff and others similarly situated in their business.

22. Defendants form a "single employer" because they are part of a single integrated enterprise and/or they are joint employers by jointly operating and providing services and maintaining interrelated operations, centralized control of labor relations, common management and common ownership, and financial control.

23. At all relevant times, Defendants shared direct or indirect control and authority over matters governing the essential terms and conditions of employment for Named Plaintiff and similarly situated employees.

24. At all relevant times, Defendants shared direct or indirect control and authority over the working conditions of Named Plaintiff and those similarly situated.

[1] https://surgestaffing.com/about/ (last visited 3/24/26).

25. At all relevant times, Defendants jointly hired and fired employees, supervised and controlled the work schedules and conditions of employees, determined the rate and method of pay, and/or maintained employee records.

26. Upon information and belief, Defendants apply or cause to be applied substantially the same employment policies, practices, and procedures to all employees across all locations, including those related to the payment of wages, overtime, timekeeping, and the allegations made in this complaint.

27. The work performed by Named Plaintiff and similarly situated employees benefited Defendants and directly or indirectly furthered their joint interests.

**B. Defendants failed to pay Named Plaintiff and those similarly situated for all time worked during unpaid meal breaks.**

28. During all relevant times, Defendants had a companywide policy and practice of requiring hourly employees, including Named Plaintiff and those similarly situated, to perform work during unpaid meal breaks.

29. Named Plaintiff and those similarly situated were supposed to get a daily one (1) hour unpaid meal break.

30. Named Plaintiff and those similarly situated clocked out and clocked back in for their one (1) hour unpaid meal break.

31. Named Plaintiff and those similarly situated regularly performed work during unpaid meal breaks because Defendants required Named Plaintiff and those similarly situated to clock out for their one (1) hour unpaid meal break, but would require Named Plaintiff and those similarly situated to work through their entire one (1) hour unpaid meal break while off-the-clock.

32. The work performed was primarily for the benefit of Defendants and not for Named Plaintiff and others similarly situated.

33. The time spent working during unpaid meal breaks was not counted towards the weekly hours of Named Plaintiff and those similarly situated.

34. Defendants failed to accurately record and compensate Named Plaintiff and those similarly situated for all time worked, including time worked during unpaid meal breaks.

35. As a result, Defendants failed to pay Named Plaintiff and those similarly situated for all hours worked, including overtime compensation for hours worked in excess of forty (40) in a workweek in violation of the FLSA and Ohio law.

**C. Defendants failed to pay Named Plaintiff and those similarly situated for all time worked off-the-clock, resulting in unpaid overtime.**

36. At all relevant times, Defendants suffered, permitted, and required Named Plaintiff and other similarly situated employees to work off-the-clock.

37. Named Plaintiff and others similarly situated were required, as a mandatory condition of employment, to work off-the-clock. This off-the-clock work included answering their company-issued phone twenty-four (24) hours a day, seven (7) days a week, including answering calls, responding to texts, and responding to emails.

38. Named Plaintiff and others similarly situated spent between several hours a day or more performing this off-the-clock work without compensation.

39. Defendants failed to compensate Named Plaintiff and others similarly situated for this off-the-clock work.

40. The work that Named Plaintiff and other similarly situated hourly employees performed was for Defendants' benefit and was integral and indispensable to the work they were hired to perform. For example, Named Plaintiff and others similarly situated received calls, texts, and emails from employees and clients on job sites regarding work being performed on the

respective job site, as well as calls, texts, and emails from direct supervisors and Defendants' upper management.

41. Named Plaintiff's and similarly situated employes' off-the-clock work was a mandatory condition of employment, and Defendants disciplined employees, including Named Plaintiff and others similarly situated, for failing to answer calls, texts, and emails on their company-issued phones.

42. Defendants' companywide policies described herein resulted in Named Plaintiff and other similarly situated hourly employees performing integral and indispensable work that went unpaid.

43. There was no administrative difficulty recoding the time that Named Plaintiff and other similarly situated employees spent performing the otherwise unpaid compensable work.

44. Named Plaintiff and others similarly situated routinely worked more than forty (40) hours per workweek. Therefore, Defendants failed to pay Named Plaintiff and other similarly situated hourly employees for all overtime earned.

45. As a result of Defendants' companywide policy and/or practice described above, Defendants knew or had reason to know that they were not compensating Named Plaintiff and other similarly situated employees for all overtime pay that they actually earned.

46. At all relevant times, Defendants were fully aware of the fact that it was legally required to pay for all working hours by the FLSA and Ohio law.

**<u>Defendants' Recordkeeping Violations</u>**

47. The FLSA and Ohio law require Defendants to maintain accurate and complete records of employees' time worked and amounts earned and paid. 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2, 516.5, 516.6, 516.7; O.R.C. §§ 4111.08, 4111.14(F); and Ohio Const. Art. II, § 34a.

48. For example, the FLSA requires employers to make and keep payroll records showing information and data such as the employee's name, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime compensation is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period, and date of payment and pay period covered by the payment. *See* 29 C.F.R. § 516.2.

49. Defendants kept records of some hours worked or otherwise had the ability to accurately track hours worked through Defendants' hardware, software, and/or systems, by Named Plaintiff and other similarly situated employees.

50. However, because of Defendants' policies of not paying for all compensable time described herein, Defendants failed to accurately track, keep, or transmit the hours worked each day by Named Plaintiff and other similarly situated employees.

51. Defendants willfully and intentionally transmitted inaccurate and/or incomplete records to payroll for compensation purposes, which wrongly excluded compensable time worked. Defendants' failure to correctly classify such time as compensable hours worked had the direct effect of reducing Defendants' labor costs to the detriment of Named Plaintiff and other similarly situated employees.

52. Defendants willfully and intentionally did not correctly record and pay all hours worked in violation of the FLSA and violated the FLSA's recordkeeping requirements.

## COLLECTIVE ACTION ALLEGATIONS

53. Named Plaintiff brings this case as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of herself and other similarly situated employees of the following opt-in collective:

> **All current and former hourly employees of Defendants who performed work during unpaid meal breaks and who worked forty (40) or more hours during any workweek at any time from three (3) years preceding the filing of the original Complaint through the final disposition of this matter ("Meal Break Collective").**
>
> **All current and former hourly employees of Defendants who performed off-the-clock, unpaid work for Defendants, and who worked forty (40) or more hours during any workweek at any time from three (3) years preceding the filing of the original Complaint through the final disposition of this matter ("OTC Collective).**

54. The Meal Break Collective and the OTC Collective will be collectively referred to as "FLSA Collective Members".

55. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid minimum wages, overtime compensation, liquidated damages, attorneys' fees, and costs under the FLSA. In addition to Named Plaintiff, numerous current and former employees are similarly situated with regard to their claims against Defendants. Named Plaintiff is representative of those other employees and is acting on behalf of their interests as well as her own in bringing this action.

56. Such persons are "similarly situated" with respect to Defendants' FLSA violations in that all were hourly non-exempt employees, and all were subjected to and injured by Defendants' unlawful practice of failing to pay Named Plaintiff and others similarly situated an overtime premium of one and a half times their regular rate for all hours that exceeded forty (40)

in the workweek. All have the same claims against Defendants for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

57. The identities of the putative FLSA Collective Members are readily identifiable through the payroll records Defendants have maintained, and were required to maintain, pursuant to the FLSA. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2.

## CLASS ACTION ALLEGATIONS

58. Named Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and others similarly situated who have similar claims under the laws of the State of Ohio, which are defined as:

> **All current and former hourly employees of Defendants in Ohio who performed work during unpaid meal breaks and who worked forty (40) or more hours during any workweek at any time from two (2) years preceding the filing of the original Complaint through the final disposition of this matter ("Meal Break Class").**
>
> **All current and former hourly employees of Defendants in Ohio who performed off-the-clock, unpaid work for Defendants, and who worked forty (40) or more hours during any workweek at any time from two (2) years preceding the filing of the original Complaint through the final disposition of this matter ("OTC Class").**

59. The Meal Break Class and the OTC Class will be collectively referred to as the "Ohio Classes".

60. The Ohio Classes are so numerous that joinder of all class members is impracticable. The exact number of class members is unknown, but is estimated to exceed forty (40) individuals per class. The exact number of class members, as well as their identities, are ascertainable from the payroll records Defendants have maintained, and were required to maintain, pursuant to Ohio law. Ohio Const. Art. II, § 34a.

61. There are questions of law or fact common to the Ohio Classes including whether Defendants failed timely pay non-exempt hourly employees, such as Named Plaintiff and those similarly situated, for all hours worked, as well as all hours worked in excess of forty (40) in any week at the lawful amount of one and one-half times their respective properly calculated regular rates as a result of Defendants' policy and practice of failing to pay employees for work performed during unpaid meal breaks, and failing to pay employees for the off-the-clock work described herein.

62. The questions of law or fact that are common to the Ohio Classes predominate over any questions affecting only individual members. The primary questions that will determine Defendants' liability to the Ohio Classes, listed above, are common to the Ohio Classes as a whole, and predominate over any questions affecting only individual class members.

63. Named Plaintiff's claims are typical of the claims of other members of the Ohio Classes. Named Plaintiff's claims arise out of the same uniform course of conduct by Defendants and are based on the same legal theories as the claims of other members of the Ohio Classes.

64. Named Plaintiff and the Ohio Classes have all been injured in that they have been uncompensated due to Defendants' common policy, and practice, and willful conduct. Defendants' corporate wide policies and practices affected the Ohio Classes similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each of the members of the Ohio Classes.

65. Named Plaintiff will fairly and adequately protect the interests of the Ohio Classes. Named Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other members of the Ohio Classes.

66. Named Plaintiff's counsel has broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the Ohio Classes in this case.

67. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring the members of the Ohio Classes to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

**COUNT ONE**
**(FLSA Overtime Violations)**

68. Named Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

69. Named Plaintiff brings this claim for violations of the FLSA's overtime provisions on behalf of herself and the FLSA Collective Members who will join this case pursuant to 29 U.S.C. § 216(b).

70. The FLSA requires that Defendants' hourly non-exempt employees receive overtime compensation for hours worked in excess of forty (40) per week of "not less than one and one-half times" the employees' properly calculated "regular rate." 29 U.S.C. § 207(a)(1).

71. Named Plaintiff and the Meal Break Collective members were not paid for all time worked because Defendants failed to pay Named Plaintiff and the Meal Break Collective members for work performed during unpaid meal breaks.

72. Named Plaintiff and the OTC Collective members were not paid for all time worked because Defendants failed to pay Named Plaintiff and the OTC Collective members for work performed off-the-clock.

73. Named Plaintiff and the FLSA Collective Members were not paid lawful overtime compensation of one and one-half times their regular rates for hours worked in excess of forty (40) in a workweek, resulting in violations of the FLSA.

74. Named Plaintiff and other similarly situated employees regularly worked forty (40) or more hours per workweek for Defendants.

75. Defendants' practice and policy of not paying Named Plaintiff and the FLSA Collective Members for work performed during unpaid meal breaks, and Defendants' practice and policy of not paying Named Plaintiff and the FLSA Collective Members for work performed off-the-clock, resulted in Defendants' failure to pay Named Plaintiff and the FLSA Collective Members overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked in excess of forty (40) per workweek, in violation of the FLSA, 29 U.S.C. §§ 201-219, 29 C.F.R. § 785.24.

76. At all relevant times, Defendants knew they were required to pay Named Plaintiff and the FLSA Collective Members all overtime compensation earned at a rate of one and one-half times their properly calculated regular rate.

77. By engaging in the above-mentioned conduct, Defendants willfully, knowingly, and/or recklessly violated the provisions of the FLSA.

78. The exact total amount of compensation, including overtime compensation, that Defendants failed to pay Named Plaintiff and the FLSA Collective Members is unknown at this

time, as many of the records necessary to make such precise calculations are in the possession of Defendants.

79. As a result of Defendants' violations of the FLSA, Named Plaintiff and the FLSA Collective Members were injured in that they did not receive all overtime compensation due to them pursuant to the FLSA. They are entitled to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

**<u>COUNT TWO</u>**
**(Ohio Classes - Overtime Violations)**

80. Named Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

81. Named Plaintiff brings this claim for violations of the OMFWSA, on behalf of herself and all members of the Ohio Classes for which certification is sought pursuant to Fed. R. Civ. P. 23.

82. Named Plaintiff and the Meal Break Class members were not paid for all time worked because Defendants failed to pay Named Plaintiff and the Meal Break Class members for work performed during unpaid meal breaks.

83. Named Plaintiff and the OTC Class members were not paid for all time worked because Defendants failed to pay Named Plaintiff and the OTC Class members for work performed off-the-clock.

84. The unpaid off-the-clock work that Named Plaintiff and the OTC Class members performed was at Defendants' specific direction, or, alternatively, pursuant to an express provision of a written or unwritten contract or collective bargaining agreement. Therefore, the exemptions under Ohio R.C. 4111.031 do not apply. See O.R.C. §§ 4111.031(B)(2) and (C)(1).

85. At all relevant times, Named Plaintiff and the members of the Ohio Classes regularly worked forty (40) or more hours per workweek for Defendants.

86. Defendants' practice and policy of not paying Named Plaintiff and the members of the Ohio Classes for work performed during unpaid meal breaks, and Defendants' practice and policy of not paying Named Plaintiff and the members of the Ohio Classes for work performed off-the-clock, resulted in Defendants' failure to pay Named Plaintiff and the members of the Ohio Classes overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked in excess of forty (40) per workweek.

87. Named Plaintiff and the members of the Ohio Classes were not paid lawful overtime compensation of one and one-half times their regular rates for all hours worked in excess of forty (40) in a workweek, resulting in overtime violations of Ohio law.

88. Defendants failed to pay Named Plaintiff and the members of the Ohio Classes the required overtime compensation.

89. At all relevant times, Defendants knew they were required to pay Named Plaintiff and the members of the Ohio Classes all overtime compensation earned at a rate of one and one-half times their properly calculated regular rate.

90. Defendants' practice and policy of not paying Named Plaintiff and the members of the Ohio Classes for all earned overtime compensation at a rate of one and one-half times their properly calculated regular rate of pay for all hours worked in excess of forty (40) hours per workweek is a violation of the OMFWSA.

91. The exact total amount of compensation, including overtime compensation, that Defendants failed to pay Named Plaintiff and the members of the Ohio Classes is unknown at this

time, as many of the records necessary to make such precise calculations are in the possession of Defendants.

92. As a result of Defendants' violations of the OMFWSA, Named Plaintiff and the members of the Ohio Classes were injured in that they did not receive all overtime compensation due to them pursuant to Ohio's wage and hour laws.

**COUNT THREE**
**(Ohio Classes – Prompt Pay Claim)**

93. Named Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

94. Ohio's Prompt Pay Act, Ohio Rev. Code Ann. § 4113.15(A), provides that "[e]very employer doing business in this state shall, on or before the first day of each month, pay all its employees the wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and shall, on or before the fifteenth day of each month, pay such employees the wages earned by them during the last half of the preceding calendar month."

95. Named Plaintiff brings this claim for violation of Ohio's Prompt Pay Act, on behalf of herself and all members of the Ohio Classes.

96. Here, Defendants failed to pay Named Plaintiff and those similarly situated for all compensable work within the time periods required by the OPPA. This resulted in Named Plaintiff and others similarly situated not receiving all the overtime pay that they earned and were entitled to receive under state and federal law.

97. There is no dispute that Named Plaintiff and those similarly situated are required to be paid all work time, including regular wages and overtime, under Ohio law.

98. The exact total amount of compensation, including overtime compensation, that Defendants failed to pay Named Plaintiff and the members of the Ohio Classes is unknown at this

time, as many of the records necessary to make such precise calculations are in the possession of Defendants.

99. Defendants' failure to pay all wags due under Ohio's Prompt Pay Act to Named Plaintiff and the members of the Ohio Classes entitles them to unpaid wages, plus "an amount equal to six per cent (6%) of the amount of the claim sill unpaid and not in contest or disputed or two hundred dollars, whichever is greater."

## PRAYER FOR RELIEF

**WHEREFORE**, Named Plaintiff, individually and on behalf of others similarly situated, respectfully requests that this Honorable Court:

A. Authorize Court-approved notice be issued to similarly situated persons informing them of this action and enabling them to opt in pursuant to 29 U.S.C. § 216(b);

B. Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Named Plaintiff and other members of the Ohio Classes;

C. Enter judgment against Defendants, jointly and severally, and in favor of Named Plaintiff, the FLSA Collective Members, and the members of the Ohio Classes;

D. Award Named Plaintiff, the FLSA Collective Members, and the members of the Ohio Classes actual damages for unpaid wages;

E. Award Named Plaintiff and the FLSA Collective Members liquidated damages equal in amount to the unpaid wages found due to Named Plaintiff and the FLSA Collective Members;

F. Award Named Plaintiff and the members of the Ohio Classes, as liquidated damages, an amount equal to six per cent (6%) of the amount of the claim still unpaid and not in contest or disputed or two hundred dollars, whichever is greater;

G. Award Named Plaintiff, the FLSA Collective Members, and the members of the Ohio Classes pre-judgment and post-judgment interest at the statutory rate;

H. Award Named Plaintiff, the FLSA Collective Members, and the members of the Ohio Classes all attorneys' fees, costs, and disbursements incurred in prosecuting this action; and

I. Award Named Plaintiff, the FLSA Collective Members, and the members of the Ohio Classes any such further and additional relief as this Court deems just and proper.

Respectfully submitted,

**NILGES LEGAL GROUP LLC**

*/s/ Hans A. Nilges*
Hans A. Nilges (Ohio 0076017)
7034 Braucher Street, N.W., Suite B
North Canton, Ohio 44720
Telephone: (330) 470-4428
Facsimile: (330) 754-1430
Email: hans@ohlaborlaw.com

Robi J. Baishnab (Ohio 0086195)
Nicholas A. Boggs (Ohio 0102430)
700 W. St. Clair Ave., Suite 320
Cleveland, OH 44113
Telephone: (216) 230-2955
Facsimile: (330) 754-1430
Email: rbaishnab@ohlaborlaw.com
nboggs@ohlaborlaw.com

Scott D. Perlmutter (OH Bar 0082856)
**TITTLE & PERLMUTER**
4106 Bridge Ave.
Cleveland, OH 44113
Telephone: (216) 308-1522
Facsimile: (888) 604-9299
scott@tittlelawfirm.com

*Counsel for Plaintiff*

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all claims so triable.

*/s/ Hans A. Nilges*
*Counsel for Plaintiff*